IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joel Petefish Sr.,                                         Case No. 4:13CV1295

      Petitioner

    v.                                                     **ORDER**

Richland Correctional Institution,

      Respondent

This is a habeas corpus case under 28 U.S.C. § 2254.

In accordance with a standing order of reference, the assigned Magistrate Judge has filed a Report and Recommendation. (Doc. 10). The petitioner has filed objections. (Doc. 15). To summarize the petitioner's objections, they are, in essence: 1) insufficiency of the evidence to sustain his conviction; and 2) ineffective assistance of trial and appellate counsel.

I find no merit to the objections, adopt the Magistrate Judge's Report and Recommendation, and deny the petition.

### Background

Petitioner was convicted in the Mahoning County, Ohio, Court of Common Pleas of burglary and two counts of abduction arising from an incident between him, his ex-wife, and the ex-wife's daughter by a subsequent marriage.

After an absence of about twenty years, the petitioner reappeared in Ohio. His ex-wife permitted him to reside with her, subject to his good behavior. (She and her-then husband were

undergoing a trial separation; the husband was, however, aware of the arrangement whereby the petitioner was able to reside with his wife).

On December 24, 2009, petitioner's ex-wife returned home to find the petitioner had entered her residence. He was drunk, but left. The ex-wife then noticed that the land-line phone was torn from its connection and her daughter's cell phone was missing. After a short while, petitioner returned; through the door, the ex-wife asked for the cell phone back, but, as she opened the door, the petitioner broke through.

As his ex-wife and her daughter tried to leave, the petitioner said, "You're not going anywhere," and went into the kitchen, where he took two knives and put them in his pants pocket. The victims fled to a bedroom, but the petitioner broke the door. At one point, petitioner became distracted and the victims were able to flee. Police responded and took the petitioner into custody.

At trial, petitioner testified that the events, as the victims and three officers had related them, had not occurred.

On direct appeal, petitioner asserted two assignments of error: 1) insufficiency of the evidence; and 2) the jury's verdict contrary to manifest weight of the evidence.

While his direct appeal was pending, petitioner filed a *pro se* petition for post-conviction relief, asserting ineffective assistance of trial counsel in that counsel failed to: 1) investigate and interview defense witnesses; 2) follow through *vis-a-vis* witnesses who refuted the victims' accounts; and 3) disclose new evidence concerning counsel's recent diabetes diagnosis and his need to take sleep-inducing medication for that condition. The trial court found no merit to these contentions and granted the state's motion for summary judgment.

The appellate court then consolidated petitioner's direct appeal with his appeal from the denial of postconviction relief. It affirmed both judgments, and the Ohio Supreme Court denied permission to appeal.

Meanwhile, petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted ineffective assistance of appellate counsel based on counsel's failure to argue the sentence was void because it involved allied offenses that should have merged. The appellate court denied the motion to reopen, and the Ohio Supreme Court again denied leave to appeal.

Petitioner's habeas corpus petition asserts as grounds for relief:

- One: verdict against the manifest weight of the evidence;
- Two: failure to prove petitioner's guilt beyond a reasonable doubt;
- Three: ineffective assistance of counsel due to counsel's failure to remain awake during trial; and
- Four: ineffective assistance of appellate counsel due to failure to raise a structural-error claim re. failure to merge counts at sentencing.

The respondent does not contend that petitioner has either failed to exhaust his state remedies or procedural default bars any of his claims.

## Discussion

To prevail under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), the petitioner must, with regard to claims the state courts have adjudicated on the merits, show the state court's adjudication resulted in a decision that was either: 1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United

3

States Supreme Court; or 2) based on an unreasonable determination of the facts in light of the evidence in the state court.

### 1. Sufficiency of the Evidence

At the outset, I note the Magistrate Judge correctly determined the petitioner's first claim – the verdict was against the manifest weight of the evidence – is not cognizable on habeas review:

> under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a 'thirteenth juror' and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

(Doc. 10 at 12 n.3) (quoting *Hess v. Eberlin*, 2006 WL 2090093 *7 (S.D. Ohio 2006)).

Because this court does "not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review," I cannot consider whether petitioner's conviction was against the manifest weight of the evidence. *Hess*, *supra*, 2006 WL 2090093, at *7.

Moreover, there is no merit to petitioner's objection that the state appellate court unreasonably determined there was sufficient evidence to support a conviction.

First, as for the elements of burglary, the evidence showed that the petitioner, regardless of the lawfulness of his initial entry, entered his ex-wife's residence without her permission. In addition, it showed that he had armed himself with knives, which clearly are deadly weapons. As both the state appellate court and the Magistrate Judge found (and it is not necessary to repeat their exhaustive reviews of the applicable law), this proof sufficed for a guilty verdict on the aggravated burglary charge. *See Jackson v. Virginia*, 443 U.S. 307, 317 (1979).

Second, the same is true regarding the abduction counts, even though, as petitioner points out, he never brandished either of the knives and the victims were ultimately able to flee unharmed.

Petitioner ignores the fact that the victims testified that, before they were able to flee, they sought refuge behind a closed bedroom door as the petitioner was telling them that they were not going anywhere. To enforce his contentions, he burst through the door; only then, after petitioner was distracted, were his victims able to escape.

This evidence, as corroborated by the officers' testimony concerning the victims' conditions, enabled a rational jury to find the essential elements of abduction beyond a reasonable doubt. The state court's holding to that effect was not unreasonable.

## 2. Ineffective Assistance of Counsel

### A. Trial Counsel

Petitioner claims his lawyer failed to obtain favorable evidence for trial. He supports these contentions with affidavits of third parties. One putative witness-affiant, Kathleen Bailey, would have testified about incidents indicative of cohabitation between the petitioner and his ex-wife preceding the Christmas Eve events. The other putative witness-affiant, James Romandetti, likewise would have provided his observations of apparent cohabitation.

These affidavits notwithstanding, the trial evidence showed that petitioner had no possessory interest in the ex-wife's residence. When he was there, she conditioned his remaining on his good behavior. At most, this created a *de facto*, but entirely conditional, license. His conduct earlier that day hardly constituted good behavior, and, once he left, he had no automatic right of re-entry over his ex-wife's objection. There was ample evidence that she did not want him back in the residence.

These affidavits and the affiants' potential testimony had no likelihood of affecting the outcome of the trial, as they would have given the fact-finder no insight into the dispute about the events on December 24, 2009 that led to the petitioner's convictions.

Petitioner also claims he was completely denied counsel because his attorney "kept nodding off during short intervals."

In support of this contention, petitioner offered an "online newspaper" report that his attorney, at a trial a week after petitioner's trial, had fallen asleep during jury selection. This had resulted in a mistrial in that case. The article noted that the attorney had told the judge that he was recently diagnosed with diabetes and was taking medication that made him sleepy.

Petitioner does not allege that his attorney actually fell asleep during his trial. Rather, he submits an affidavit that his attorney appeared out of touch. In pertinent part, petitioner's affidavit avers that his attorney "appeared lost, dazed and confused prior to, during and after trial" and "kept nodding off during short intervals." (Doc. 10 at 30-31).

The state courts rejected this claim on the ground that "there is no evidence that trial counsel fell asleep" during any substantive portion of the trial. (*Id.* at 31).

On plenary review of the Magistrate Judge's decision, I concur that:

> [b]ased solely upon this evidence and given the substantial deference given to state court decisions, the Court cannot find that the state court's determination . . . . was contrary to, or involved an unreasonable application of, clearly established federal law. Neither Petefish's affidavit nor the newspaper article concerning *the different case* conclusively establishes 'the complete denial of counsel,' which the Sixth Circuit has construed as trial counsel sleeping through a 'substantial portion' of the trial. The court also cannot find that the state court's determination of the facts ***in light of the evidence presented in the State court was unreasonable***.

(*Id.* at 31) (emphasis in original).

6

Because the Magistrate Judge's Report and Recommendation is well-taken, I overrule petitioner's objection and deny the ineffective-assistance claim.

### B. Appellate Counsel

Petitioner's final ground is that his appellate counsel failed to provide constitutionally adequate assistance because he failed to argue at sentencing that the convictions were for allied offenses that should have merged.

Petitioner, as the Magistrate Judge's Report and Recommendation points out, has not met his burden of presenting factual support for this contention. I agree entirely with the Magistrate Judge that "[i]t is not this Court's function to find law or evidence to support [petitioner's] undeveloped and conclusory 'argument.'" (Doc. 15 at 35). Accordingly, I too deem the claim abandoned and insufficiently pleaded under Habeas Rule 2(c).

There is ample basis, in any event, for the Magistrate Judge's determination that there is no merit to the petitioner's challenge to his appellate attorney's handiwork. Looking to the state appellate court's treatment of this contention, the Magistrate Judge concluded (and I agree) that:

> the appellate court plainly employed the correct legal standard in addressing petitioner's ineffective assistance of appellate counsel claim. The state appellate court unequivocally found that aggravated burglary and abduction were not allied offenses of similar import under Ohio law.
>
> As such, petitioner cannot demonstrate that there was a reasonable probability that inclusion of the issue would have changed the result of the appeal.

(Doc. 10 at 40).

That being so, and this proceeding being no venue in which to attack the Ohio court's interpretation of Ohio law, petitioner is not entitled to relief on this claim.[1]

## Conclusion

I have conducted, in light of the petitioner's objections, a *de novo* review of the Magistrate Judge's thorough, well-reasoned, and entirely well-taken Report and Recommendation. As the Magistrate Judge concluded, there is no basis for relief anywhere within the petition or petitioner's objections.

It is, accordingly,

ORDERED THAT:

1. The petition for habeas corpus relief be, and the same hereby is denied; and

2. Reasonable jurists could not dispute the outcome of petitioner's unsuccessful challenge to his state court convictions. No certificate of appealability shall, accordingly, issue.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Petitioner's attempt to resuscitate this abandoned claim by presenting an expanded argument in support of it in his Objection (*see* Doc. 15 at 30-33) is unavailing: what matters is what was in the petition that the Magistrate Judge considered.
